UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR DAVID ENRIQUEZ, 1233478,<br>Plaintiff,<br>v.<br>JOHN ELSWORTH, et al.,<br>Defendant(s). | Case No. 25-cv-11016-CRB  (PR)<br><br>**ORDER OF DISMISSAL** |

Plaintiff, a pretrial detainee facing state criminal charges in San Mateo County Superior Court, has filed a pro se complaint under 42 U.S.C. § 1983 alleging that his court-appointed "private defender" John Elsworth denied him his constitutional right to call the main defense witness in the criminal case against him. Plaintiff seeks injunctive relief/federal court intervention and damages from Elsworth and the Private Defender Program (PDP).

**DISCUSSION**

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.    <u>Legal Claims</u>

It is well established that federal courts should not enjoin or otherwise interfere with pending state criminal prosecutions absent a showing of the state's bad faith or harassment, or a showing that the statute challenged is flagrantly and patently violative of express constitutional prohibitions. <u>See</u> <u>Younger v. Harris</u>, 401 U.S. 37, 43-54 (1971) (cost, anxiety and inconvenience of criminal defense not kind of special circumstances or irreparable harm that would justify federal court intervention; statute must be unconstitutional in every clause, sentence and paragraph, and in whatever manner it is applied). The rationale of <u>Younger</u> applies throughout state appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted. <u>See</u> <u>Huffman v. Pursue, Ltd.</u>, 420 U.S. 592, 607-11 (1975).

Here, the rationale of <u>Younger</u> requires that this court abstain from entertaining plaintiff's request for injunctive relief/federal court intervention in his pending state criminal proceedings unless plaintiff shows that special circumstances warrant federal court intervention. <u>Cf.</u> <u>Carden v. Montana</u>, 626 F.2d 82, 83-84 (9th Cir. 1980) (pre-sentence habeas action). Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other special circumstances where irreparable injury can be shown is federal intervention in ongoing state criminal proceedings appropriate. <u>Cf.</u> <u>id.</u> at 84 (citing <u>Perez v. Ledesma</u>, 401 U.S. 82, 85 (1971)). Plaintiff makes no such showing of special circumstances. His broad allegations of denial of a key defense witness are not enough to warrant federal court intervention. The claim may be raised in the ongoing state court proceedings and does not show (or even suggest) a case of proven harassment, or a prosecution taken in bad faith. <u>See</u> <u>Yelp Inc. v. Paxton</u>, 137 F.4th 944, 951-54 (9th Cir. 2025) (harassment must be sufficiently severe to legitimize interfering with state court proceedings in which objections could be raised; bad faith requires overwhelming lack of merit in state's case).

Because <u>Younger</u> abstention is appropriate as to plaintiff's request for federal court intervention, the court may not retain jurisdiction over the request for federal court intervention and must dismiss it. <u>See</u> <u>Columbia Basin Apartment Ass'n v. City of Pasco</u>, 268 F.3d 791, 799

(9th Cir. 2001); Beltran v. California, 871 F.2d 777, 782 (9th Cir. 1988). But the court need not also dismiss on abstention grounds plaintiff's claims for damages under § 1983. See Gilbertson v. Albright, 381 F.3d 965, 981 (9th Cir. 2004) (en banc) (when damages are sought and Younger principles apply, federal court should refrain from exercising jurisdiction temporarily and stay claims for damages until state proceeding no longer pending).

Unfortunately for plaintiff, his claims for damages under § 1983 against Elsworth and PDP for decisions in connection with their defense of plaintiff in the ongoing state criminal proceedings must be dismissed under 28 U.S.C. § 1915A(b) because private attorneys are not state actors, an essential element of an action under § 1983. See Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003); see also Kimes v. Stone, 84 F.3d 1121, 1126 (9th Cir. 1996) (attorneys are private actors). And the fact that they are acting in the same capacity as court-appointed public defenders does not compel a different conclusion because public defenders are not state actors when performing a lawyer's traditional functions, such as entering pleas, making motions, objecting at trial, cross-examining witnesses, and making closing arguments. See Polk County v. Dodson, 454 U.S. 312, 318-19 (1981).

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED under 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

The clerk is instructed to terminate all pending motions as moot and close the case.

**IT IS SO ORDERED**.

Dated: January 14, 2026

_____
CHARLES R. BREYER
United States District Judge